**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

            **-v-**

**11-CR-151-A**

**ESTEBAN RAMOS-CRUZ,**
                **Defendant.**
_____


## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

on dispositive motions.


## PRELIMINARY STATEMENT

The defendant, Esteban Ramos-Cruz ("the defendant"), is charged in a

Superseding Indictment, along with a number of co-defendants, with having violated

Title 18 U.S.C. § 1962(d) (Count 1) (RICO conspiracy); Title 18, U.S.C. §

924(a)(1)(A)(iii) (Count 5) (possession and discharge of a firearm in furtherance of a

crime of violence); Title 18, U.S.C. § 1959(a)(1) (Count 4) (murder in aid of

racketeering); Title 21, U.S.C. § 846 (Count 24) (narcotics conspiracy); Title 18, U.S.C.

§ 924(c)(1) (Count 25) (possession of firearms in furtherance of a drug trafficking

crime); Title 21, U.S.C. § 856(a)(1) (Counts 30 and 33) (using and maintaining premises

for drug dealing).  Dkt. #87.  Presently pending is the defendant's omnibus discovery

motion.  Dkt. #215.  The government filed opposition to the instant motion.  Dkt. #246.

This Court previously issued its Report, Recommendation and Order with respect to the defendant's motions to suppress identifications and statements.  Dkt. #407.

## DISCUSSION AND ANALYSIS

**Rule 16 Discovery**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of the defendant's statements; statements of co-defendants; statements of "unindicted co-conspirators;" the defendant's prior criminal record; all documents, photographs, video tapes and tangible objects not already disclosed pursuant to Rule 16(a)(1)(C); the results of any physical and/or scientific examinations, tests and/or experiments; copies of surveillance reports; video tapes and photographs; and any arrest and search warrants for the defendant and/or his place of residence or the place he was arrested.  Dkt. #215, pp.6-7.

In its response, the government states

> Since the date of the predecessor indictment, the United States has complied, and intends to continue to comply, with the requirements of Rule 16. To that end, the United States has provided comprehensive voluntary discovery, including surveillance reports, search warrant photos, search warrants, laboratory reports, FBI 302s relating to surveillance and arrest of the defendant and his co-defendants, redacted statements of some government witnesses, redacted photo array identifications, numerous crime scene photos, crime scene reports, firearm reports, and other documents. Additionally, all physical evidence recovered in connection with this

investigation is, and has been, available for
inspection by the defendant's attorney.

Dkt. #246, pp.2-3.  The government has already provided voluminous (10,383 pages)

discovery in this case and indicates in its response that it will continue to comply with its

continuing duties to disclose as set forth in Rule 16(c).  Based on the representations

made by counsel for the government, the defendant's request is denied as moot.


**Bill of Particulars**

In response to the defendant's request for a detailed bill of particulars, the

government states that defendant's request for particularization should be denied

because it is nothing more than an attempt by the defendant to preview the

government's evidence.  Indeed, the government further states, "[t]he specific

allegations contained in the indictment, coupled with the voluminous discovery

previously provided, more than adequately apprises the defendant of the nature of the

charges pending against them [sic], thereby enabling him to prepare for trial."  Dkt.

#246, p.10.  Finally, the government argues that the broad categories of information for

which the defendant is seeking particularization has already been provided through

discovery, can be ascertained from reading the Superseding Indictment or which will be

provided pursuant to the District Court's standard pretrial order requiring the

government to submit a trial memorandum, witness list, expert summaries, exhibit lists

and *Jencks* Act material.  *Id.* at p.17.


The defendant's request is denied. It has become axiomatic that the

function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in Counts 1, 4, 5, 25, 30 and 33 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

**Brady**, **Agurs** and **Giglio** Material

The government has stated that it believes it is complying with its obligations to provide potentially exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has further stated that it is unaware of any *Brady* material related to this defendant.   The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.   As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146.   The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."   *Coppa,* at 144.   With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.   *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).   However, if the government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Rule 12(b)(4) Notice**

By his motion, the defendant has requested notice pursuant to Rule 12(d)(2).  Rule 12(d)(2) of the Federal Rules of Criminal Procedure does not exist.  This Court assumes that the defendant intended to request notice pursuant to Rule 12(b)(4)(B) because the defendant appears to be seeking an order directing the government to provide the defendant with a statement containing the evidence that the government intends to use at trial.  Dkt. #215, pp.15-16.  In its response, the government states, "[t]he government intends to introduce at trial all evidence the defendant has been provided, or made aware of, or which has been made available to the defendant."  Dkt. #246, p.21.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Identity and Grand Jury Testimony of Confidential Informants**

The defendant requests that the government be directed to disclose the identity of any informants in the present case.  Dkt. #215, p.16.  Also by this request, the defendant is seeking the disclosure of Grand Jury testimony of any cooperating witnesses, "the substance of any deals, understandings, contracts or agreements the government has with any cooperating witnesses," and the identity of any confidential informants.  Dkt. #215, p.16.  In its response, the government argues that defendant's request should be denied because, as alleged in the Superseding Indictment, the

enterprise intimidates witnesses.  Dkt. #246, pp.23-28.  Moreover, the government

acknowledges that it will be required to provide a witness list at the time of trial and

*Jencks* Act material will be disclosed at the time the government is directed by the trial

court.  The defendant has offered no basis to support his request, indeed, the defendant

has failed to demonstrate "that the testimony of the informant would [be] of even

marginal value to the defendant's case."  As a result, the holding of the Court of Appeals

for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert.*

*denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein

the Court stated:

> The leading Supreme Court case on this
> question,
>
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct.
> 623, 1L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's
> > identity, or of the contents of his
> > communication, is relevant and helpful
> > to the defense of an accused, or is
> > essential to the fair determination of a
> > cause, the [informant's] privilege must
> > give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court
> explained that "no fixed rule with respect to
> disclosure is justifiable."  *Id.* at 62, 77 S.Ct. at
> 628.  What is required is "balancing the public
> interest in protecting the flow of information
> against the individual's right to prepare his
> defense."  *Id.*  Whether non-disclosure is
> erroneous "must depend on the particular
> circumstances of each case, taking into
> consideration the crime charged, the possible
> defenses, the possible significance of the
> informer's testimony, and other relevant
> factors."  *Id.  See Rugendorf v. United States*,
> 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11

L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

**Disclosure Of Evidence Pursuant To Rules 404(b), 608 And 609**

In response to the defendant's request for the disclosure of 404(b) evidence, the government states that it will "disclose evidence in its possession which might fall within the ambit of Fed.R.Evid. 404(b), 607, 608 and 609, and to provide notice of its intention to rely upon such evidence at the time it is ordered to do so by the trial court." Dkt. #246, pp.28-29. Furthermore, "the government preliminarily notifies the defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident." Dkt. #246, p.29. In addition, the government noted that it "will provide the defendants with more definitive notice of its intent to rely on 404(b) evidence when directed by the trial judge, or during trial if the trial judge excuses pretrial notice on good cause shown." *Id.* In addition, the government states, "the defendant is in possession of his criminal history, and is fully aware of his past criminal conduct. As a result, the defendant is aware of that which may fall within the ambit of Fed. R. Evid. 608(d) and 609." *Id.* at p.31.

Rule 404(b) of the Federal Rules of Evidence only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is denied as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

Rule 608 of the Federal Rules of Evidence does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied.

Finally, with respect to defendant's request for the disclosure of co-conspirator "declarations," the government states that it is not obligated to supply the defendant with the statements before trial. Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied.

**Motion for Severance**

By this request, defendant Esteban Ramos-Cruz seeks severance from

his co-defendants.  A Decision and Order on defendant's motion to sever is left to the

discretion of the District Judge to whom this case is assigned, District Judge Richard J.

Arcara.


**Preservation of Rough Notes**

By this request, the defendant seeks an Order from this Court requiring

all government agents and officers who participated in this investigation to retain and

preserve all rough or handwritten notes taken as part of their investigation, regardless of

whether or not the contents of the notes are incorporated in official records.  Dkt. #215,

p.22.  In its response, the government states that it, "has no objection to the request that

government agents retain notes taken during the investigation of this case."  Dkt. #246,

p.40.


Although perhaps unnecessary, based on the representations made by

counsel for the government concerning its acknowledgment of its obligation and its

agreement to instruct the agents to retain and preserve rough notes, the express

admonition of the Court of Appeals for the Second Circuit bears repeating in addressing

this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced
> eye upon future efforts to justify non-production
> of a Rule 16 or Jencks Act "statement" by
> reference to "departmental policy" or
> "established practice" or anything of the like.
> There simply is no longer any excuse for

>official ignorance regarding the mandate of the
>law. Where, as here, destruction is deliberate,
>sanctions will normally follow, irrespective of
>the perpetrator's motivation, unless the
>government can bear the heavy burden of
>demonstrating that no prejudice resulted to the
>defendant. . . . We emphatically second the
>district court's observation that any resulting
>costs in the form of added shelf space will be
>more than counterbalanced both by gains in
>the fairness of trials and also by the shielding
>of sound prosecutions from unnecessary
>obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976). Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks* Act

material in this case.


**Leave to Make Further Motions**

By this request, the defendant, "requests an order preserving Defendant's

right to bring such other and further relief as may be just, appropriate and reasonable as

consistent with the premises herein." Dkt. #215, p.23. Subject to the limitation

contained in the aforesaid quotation, the defendant's request to make further and

additional motions that may be necessary is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to**

**consider the objection.**


DATED:      July 16, 2014
            Buffalo, New York


*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
