UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                        Plaintiff,

                                                                         **DECISION AND ORDER**
      v.                                                                           11-CR-151-A

ESTEBAN RAMOS-CRUZ,

                        Defendant.
_____

Before the Court is Defendant Esteban Ramos-Cruz's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2). (Dkt. No. 1089). Specifically, Ramos-Cruz seeks a sentencing reduction based upon Guidelines Amendment 821, enacted November 1, 2023, which amended, as applicable here, Guideline §4A1.1(e) to eliminate the award of any "status points" under that Guideline where a defendant receives less than 7 criminal history points under subsection (a) through (d). The Government opposed (Dkt. No. 1101), and Ramos-Cruz replied (Dkt No. 1104). For the reasons set forth below, the motion is **GRANTED**.

    I.      <u>**BACKGROUND**</u>

On September 11, 2015, Ramos-Cruz pled guilty to Count 1 of the Superseding Indictment, which charged him with a violation of Title 18, United States Code, Section 1963(d) (RICO Conspiracy), for which the maximum possible sentence was a term of imprisonment of life. (Dkt. No. 624, ¶1). In their plea agreement, the parties agreed that Ramos-Cruz, on August 11, 2009, and as a member of Checko's Crew/7th Street

Gang, murdered Eric Morrow, a member of the rival 10th Street Gang, by shooting him with a .22 caliber rifle. (Dkt. No. 624, ¶5e). The parties further agreed to the application of Guidelines § 2A1.1(a) (First Degree Murder), such that following a reduction for acceptance of responsibility, Ramos-Cruz, with a total offense level (TOL) of 40 and a Criminal History Category (CHC) III, was facing a sentencing range of imprisonment of 360 months to life. (Dkt. No. 624, ¶12; see also, Dkt. No. 1083, ¶67 [PSR]).

At Ramos-Cruz's sentencing, on May 18, 2016, this Court imposed a sentence of 360 months imprisonment, the low-end of the range. (Dkt. No. 786).

Upon the government's filing of a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, this Court on July 21, 2017, granted the government's request for a further two-level reduction to Ramos-Cruz's offense level. With a TOL of 38 and a CHC III, Ramos-Cruz faced a reduced sentencing range of 292 to 365 months. This Court granted the Rule 35 request and sentenced Ramos-Cruz to 292 months imprisonment, the low-end of the applicable range. (Dkt. No. 965).

According to the Supplemental PSR, as of February 1, 2024, Ramos-Cruz had served approximately 144 months and 6 days of his sentence. (Dkt. No. 1091, ¶7). The Supplemental PSR also states that Ramos-Cruz has earned 472 days of good time credit. (Dkt. No. 1091, ¶7). Ramos-Cruz's projected release date (without regard to the instant motion for a sentence reduction) is February 21, 2033. (Dkt. No. 1091, ¶8).

## II. **ANALYSIS**

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). Assuming that the resultant range is lower than that applicable at the time of Ramos-Cruz's original sentencing, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10. *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020)(citation omitted).

Here, the Government agrees with Ramos-Cruz's contention that the status-points amendment portion of Amendment 821 applies and that application of such amendment results in a reduction of Ramos-Cruz's CHC from Category III to II. (Dkt. No. 1101, p.2). As a result, the government agrees that Ramos-Cruz's post-Rule 35, Guidelines range of imprisonment has been reduced from 292 to 365 months to 262 to 327 months. (Dkt. No. 1101, p.2).

Based upon the foregoing, Amendment 821 may appropriately be construed as lowering Ramos-Cruz's applicable Guidelines range such that he is otherwise eligible

for a sentencing reduction, *see*, U.S.S.G. § 1B1.10(a)(2)(B) (sentence reduction not authorized where "[a]n amendment…does not have the effect of lowering the defendant's applicable guideline range"); *see*, *Dillon v. United States*, 560 U.S. at 827.

Having established Ramos-Cruz's eligibility for a sentencing reduction, this Court must determine, under step two of the *Dillon* inquiry, *see, Dillon v. United States*, 560 U.S. at 827, whether, upon consideration of the factors set forth in 18 U.S.C § 3553(a) and all the circumstances presented, this Court should exercise its discretion further to reduce Ramos-Cruz's sentence. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010)("[i]f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'").

Based upon this Court's consideration of the § 3553(a) factors, this Court determines that Ramos-Cruz's sentence, as this Court did on both prior occasions it has sentenced defendant, should be reduced to the low-end of the applicable range, *i.e.,* to a term of imprisonment of 262 months.

In opposing any reduction in Ramos-Cruz's sentence, the government cites the violent nature of the offense of conviction, Ramos-Cruz's criminal history, and the fact that he has had eight disciplinary incidents during the 12 years he has been in custody. *See*, Doc. No. 1101, p. 6.  As to the violent nature of the offense and his criminal

history, this Court notes that both of those factors remained unchanged from both times this Court previously sentenced Ramos-Cruz at the lowest end of the applicable range.  In other words, this Court determines that for the same reasons that a sentence at the bottom of the Guideline range was appropriate when Ramos-Cruz was initially sentenced in 2016, and when this Court granted the Government's Rule 35 motion in 2017, sentencing at the bottom end of the new Guideline range remains appropriate here.  The Court further notes that while Ramos-Cruz has sustained eight disciplinary violations during his 12 years of incarceration, this Court has also considered the nature of those violations, the fact that he has not sustained any disciplinary violations in over three years, and the fact that he has taken advantage of extensive programming and been employed during the period.  In sum, the Court concludes that consideration of the Section 3553(a) factors warrants granting the reduction.

### III. CONCLUSION

For these reasons, Defendant Esteban Ramos-Cruz's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2) (Dkt. No. 1089) is **GRANTED**, and his term of imprisonment is reduced from 292 months to 262 months. All other terms and conditions of the sentence previously imposed remain unchanged.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: March 25, 2024
Buffalo, New York.